**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

TYLER JOHN SHULER,

    Plaintiff - Appellant,

v.

U.S. SMALL BUSINESS
ADMINISTRATION,

    Defendant - Appellee.

No. 24-6036
(D.C. No. 5:22-CV-01106-HE)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Plaintiff Tyler Shuler, appearing pro se, appeals from the district court's

dismissal of his second amended complaint asserting various claims against the

United States Small Business Administration (SBA).  Exercising jurisdiction

pursuant to 28 U.S.C. § 1291, we affirm the judgment of the district court.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Shuler initiated these proceedings on December 30, 2022, by filing a pro se complaint against the SBA. Shortly thereafter, Shuler filed an amended complaint. The amended complaint alleged that in July 2021, the SBA approved "a Targeted EIDL [Covid-19 Economic Injury Disaster Loan] Advance Application no. 3302382556 in the amount of $10,000" and a "Supplemental Targeted Advance Application no. 3302382556 of $5,000," but "neglected to disburse funds to [Shuler] after approval." ROA at 5. According to the amended complaint, the SBA failed "to publicly disclose changes to the current established approval criteria" and thereby "violated the Administrative Procedure Act (5 U.S.C. § 533(c)) . . . and was negligent resulting in damages to" Shuler. *Id.* Shuler alleged in the amended complaint that he was seeking "$1,000,000.00 dollars for pain and suffering, mental anguish, and loss of business." *Id.*

The SBA moved to dismiss the amended complaint for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief could be granted. The SBA also argued that it had not been properly served.

On November 6, 2023, the district court issued an order granting in part and denying in part the SBA's motion to dismiss. More specifically, the district court concluded that the amended complaint failed to state a plausible claim under the Administrative Procedure Act (APA) or the Federal Tort Claims Act (FTCA), but also concluded that the amended complaint sufficiently alleged subject matter jurisdiction. The district court granted Shuler leave to file a second amended

2

complaint within forty-five days and directed him to "clearly describe the claim or claims (tort claim, contract claim, etc.) asserted and the factual basis for them." *Id.* at 69.

Shuler filed a second amended complaint. The second amended complaint alleged the same basic facts as the first amended complaint, but alleged that the SBA violated Shuler's "Fifth and Fourteenth Amendment" rights. *Id.* at 70. According to the second amended complaint, "[t]he approved EIDL Targeted Advance" was "a property interest of" Shuler's and the SBA's failure "to disburse the funds without providing appropriate notice and an opportunity to be heard" was "a clear violation of due process under the Fifth Amendment." *Id.* The second amended complaint also alleged that the SBA violated the APA by "[f]ailing to publicly disclose changes to the current established approval criteria" and "by not providing a proper opportunity for" Shuler "to petition for changes to rules." *Id.* at 71.

The SBA moved to dismiss the second amended complaint, arguing that the district court lacked subject matter jurisdiction over the claims asserted in the second amended complaint and that Shuler failed to state a plausible due process claim.

On February 1, 2024, the district court issued an order granting the SBA's motion to dismiss. The district court concluded, as an initial matter, that Shuler's failure to name the United States as a defendant was fatal to any claim he sought to assert under the FTCA. As for Shuler's procedural due process claim, the district court concluded that "[b]ecause the SBA has discretion in awarding the funds" at issue, Shuler "had no cognizable property interest in the EIDL funds and" could not

3

"maintain a procedural due process claim." *Id.* at 109. The district court noted it was unclear whether Shuler intended to assert a substantive due process claim, but to the extent he did, he "fail[ed] to factually allege any conduct by defendant that would rise to the level of conscience shocking." *Id.* Lastly, the district court concluded that it lacked jurisdiction over Shuler's APA claim because he only sought money damages against the defendant.

Shuler now appeals from the district court's judgment.

II

Shuler first argues in his appeal that we should "investigate" why his case was transferred "out of" the "jurisdiction" of the magistrate judge "for adjudication" by the district court. Aplt. Br. at 3. A review of the district court's docket sheet clarifies what occurred. When Shuler filed his original complaint, he simultaneously filed a motion for leave to proceed in forma pauperis (IFP). The district court issued an order on December 30, 2022, referring the IFP motion to the magistrate judge for decision and, within a few days, the magistrate judge granted the IFP motion. From that point forward, all remaining motions were adjudicated by the district court. Contrary to Shuler's assertions, his Fifth Amendment due process rights were not violated by the manner in which the district court handled his case.

Shuler next asks us "to review the [SBA's] approval process since policy of the SBA involves mismanagement of federal funds . . . ." *Id.* He argues that the district court incorrectly "decided the SBA did no wrongdoing in the approval process." *Id.* at 4.

4

Contrary to Shuler's arguments, the district court did not determine whether the SBA acted improperly in the approval process. Instead, the district court concluded that all of Shuler's claims against the SBA failed for procedural reasons. Because Shuler is proceeding pro se, we will liberally construe his appellate brief as challenging the merits of the district court's decision to dismiss his second amended complaint.

We begin with Shuler's FTCA claims. As the district court correctly noted, the FTCA covers claims against the United States for money damages for injury or loss of property caused by the negligent act of any government employee while acting within he scope of his office or employment and under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the negligent act occurred. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). If a claim is cognizable under the FTCA, the remedy under the FTCA is exclusive and the federal agency at issue cannot be sued in its own name. *Id.* at 476. Instead, the United States must be named as the defendant. *Id.* Here, Shuler has consistently named only the SBA as a defendant in the action and has never attempted to sue the United States. Consequently, we agree with the district court that any FTCA claim he attempted to assert in his second amended complaint was fatally flawed and therefore subject to dismissal.

We turn next to Shuler's due process claims. "The procedural component of the Due Process Clause does not protect everything that might be described as a 'benefit.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). Instead,

5

"[t]o have a property interest in a benefit, a person must have . . . a legitimate claim of entitlement to it." *Id.* (internal quotation marks omitted).  Notably, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.*  Here, the American Rescue Plan Act did not require the SBA to fund all requested EIDL Advances; instead, that decision was "committed to agency discretion by law." 5 U.S.C. § 701(a)(2).  Likewise, nothing in the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) required the SBA to provide any specific amount to an EIDL loan applicant such as Shuler.  Consequently, we agree with the district court that Shuler had no actionable property interest in any of the loan funds that he applied for from the SBA.  As a result, his Fifth Amendment procedural due process was properly dismissed by the district court.

To the extent Shuler intended to assert a substantive due process claim, we conclude the district court properly dismissed it as well.  As the district court correctly noted, substantive due process prohibits the government from engaging in conduct that shocks the conscience, but nothing in Shuler's second amended complaint could reasonably be construed as conscience-shocking conduct on the part of the SBA.  *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998).

That leaves Shuler's claim under the APA.  Judicial review under the APA is limited to equitable relief and does not apply to actions seeking money damages. 5 U.S.C. § 702.  Here, however, Shuler's second amended complaint sought only money damages from the SBA.  We therefore agree with the district court that Shuler failed to state a viable claim for relief under the APA.

6

III

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge